Mazzarelli, J.E, and Richter, J.,
dissent in a memorandum by Richter, J., as follows: Although the majority takes no issue with the sufficiency of the evidence, it nonetheless vacates the juvenile delinquency finding and remands with a direction to order an adjournment in contemplation of dismissal (ACD). There is no reason to interfere with the trial court’s disposition, and therefore I dissent.
On the day of the instant offense, the complainant, a 13-year-old girl, went into the main office of her school to wait until it *715 was time to go to her next class. While she waited, appellant, who was 12 at the time, entered the office and approached her. He began talking to her, asking her to go out with him and to be his girlfriend. The complainant ignored him, until appellant finally left the office. A few minutes later, the complainant also left to go to class. Appellant, however, was waiting for her in the hallway and grabbed the strap of her book bag and began pulling her down the hall. While the complainant attempted to free herself of the book bag so she could get away, appellant reached around and squeezed her breasts. He also touched her buttocks. The complainant told appellant to “get off’ her, but he did not let go. At one point, he grabbed her by the neck and tried to pull her towards him for a kiss. The complainant continued to tell appellant “no.”
Appellant held onto her, telling her that if she gave him “a hug or anything,” he would let her go. Stating that she felt the only way she could get away would be to do what he asked, the complainant gave him a quick hug and then rushed to class. Frightened, she sat in class trembling, so much so that a teacher’s assistant asked her what was wrong. The complainant reported the entire incident to the teacher’s assistant.
The Family Court has broad discretion in fashioning a disposition and its determination should be accorded a great amount of deference (Matter of Donovan E., 92 AD3d 881, 882 [2d Dept 2012]). Here, the Family Court determined, after considering the nature of the instant offense and reviewing the reports provided, that an ACD was not appropriate. Rather, the court found appellant required supervision and that 12 months of probation, with the requirement that appellant participate in a sexual offender treatment program, was the least restrictive alternative in light of the needs of appellant and the safety of the community (see Family Ct Act § 352.2 [2]). In vacating the juvenile delinquency finding, the majority minimizes the seriousness of the incident, which traumatized the 13-year-old complaining witness. The fact that the complainant and appellant were engaged “in conversation” before the incident does not, as the majority implies, make the incident less serious, but rather makes it more disturbing because the complainant’s testimony inexorably leads to the conclusion that appellant’s decision to wait outside the office and then to grab her was a direct response to her rejection of his request for a date during this conversation.
The details of the incident raise many questions about appellant’s judgment and his ability to control his behavior. Appellant waited in the hall for the complainant to leave the office *716 and then took hold of the complainant’s book bag and dragged her down an empty hall. Appellant then squeezed the complainant’s buttocks and breast and grabbed her around the neck. Of note, he grabbed her and tried to kiss her even though she said no. In her written deposition, the complainant explained she told appellant “to get off me several times, but he just laughed and kept dragging me down the hallway backwards.” This was neither a quick, unplanned action nor some type of horseplay between adolescents. Rather, it was a forceful act that left the complainant frightened and shaking.
Appellant’s truancy history further supported the Family Court’s determination that he required greater supervision (see Matter of Yonathan A., 70 AD3d 602, 603 [1st Dept 2010]; Matter of Jonaivy Q., 286 AD2d 645, 646 [1st Dept 2001]). Here, the appellant missed 13 days of school during the 2009-2010 school year and 24 days during the 2010-2011 school year. Appellant’s mother also stated that he had been friends with kids who had negative attitudes and would fight in school. His mother noted he had been previously suspended from school for fighting.
The majority points to the fact that between the incident and the disposition date, appellant’s attendance had improved and he no longer affiliated with the same friends. The mere fact that appellant did not get into further trouble while his case was under the court’s jurisdiction does not establish that he would not misbehave once he no longer had any mandated oversight.[2] In any event, the Family Court’s conclusion that 12 months of probation supervision was warranted was not an abuse of discretion in light of the seriousness of the offense and appellant’s history of associating with negative peers (see Matter of Jesus S., 104 AD3d 694, 695 [2d Dept 2013] [although this was a first offense, probation was appropriate in light of the recommendation in the probation report]). The Family Court appropriately determined that further supervision was necessary to ensure appellant’s behavior did not escalate and he attended the mandated program (see Yonathan A., 70 AD3d at 603 [appellant was already receiving therapy, and probation supervision was found necessary to ensure that he continued to attend treatment]).
The record establishes that appellant refused to take responsibility for his actions. In fact, appellant insisted that he did not do anything wrong and expressed anger for being accused. His failure to admit responsibility and take ownership of his *717 behavior, especially considering the seriousness of the instant offense, supports the Family Court’s determination that the greater supervision provided by probation was the appropriate alternative (see Matter of Zion F., 92 AD3d 589, 590 [1st Dept 2012]).
An ACD is an inadequate disposition because Dr. Abies, the clinical psychologist who interviewed appellant, recommended he be required to attend a sexual offender treatment program designed for children and adolescents. The psychologist stated that the assessment and treatment process would assist appellant in learning how to take full responsibility for his actions. The program takes place after school and lasts about nine months, but usually lasts longer depending on how much time it takes to evaluate a participant prior to the beginning of treatment. Evaluation can take up to three months. To facilitate his attendance in the program, the psychologist recommended appellant be placed on probation. The majority offers no convincing reason why the Family Court Judge should not have relied on this professional opinion in crafting an appropriate disposition. In fact, the Family Court imposed a term of 12 months’ probation, which was slightly less than the 18-month term the psychologist proposed. The six-month ACD proposed by the majority is insufficient to provide the necessary supervision during appellant’s participation in this lengthy program (see Matter of Mia R., 102 AD3d 627 [1st Dept 2013]; Matter of Florin R., 73 AD3d 533 [1st Dept 2010]).
The majority unfairly suggests that the trial court’s decision cannot be reconciled with Dr. Ables’s assessment because it imposed 12 months’ probation and not the 18 months recommended by the doctor. Here, the court showed some leniency in imposing a one-year probationary term, further supporting our conclusion that the trial court considered all the necessary facts in crafting an appropriate disposition for this sex offense case.
Matter of Jonnevin B. (93 AD3d 572 [1st Dept 2012]), cited by the majority in support of the conclusion that an ACD is warranted, is readily distinguishable. That case did not involve a sexual offense, and this Court found that the appellant only required supervision for less than six months, making an ACD appropriate (id. at 572; see Family Ct Act § 315.3). Here, given the need for a program, and the limited duration of an ACD, an ACD would be inadequate, “in both scope and duration,” to ensure that appellant actually attends the program (Yonathan A., 70 AD3d at 603; see Family Ct Act § 315.3; Matter of Bryant M., 82 AD3d 509, 510 [1st Dept 2011]). Matter of Tyttus D. (107 AD3d 404 [1st Dept 2013]), also cited by the majority, does not *718 involve an offense of the type at issue here, and the appellant in that case, unlike appellant here, accepted full responsibility for his actions and as the opinion notes, showed “insight into his misconduct.”
In concluding that the disposition of probation was impermissible punishment, the majority substitutes its judgment for that of the trial court, which had an opportunity to see the complainant and appellant. The majority’s focus on appellant’s claimed willingness to voluntarily attend the program cannot be reconciled with Dr. Ables’s conclusion that appellant needed mandated treatment. Appellant never proffered any mental health professional who offered a different conclusion. Further, appellant refused to accept responsibility for his actions even after the court’s fact-finding, a factor the majority does not give any weight. It was entirely reasonable for the court to decline appellant’s request for an ACD, which vacates the juvenile delinquency adjudication, when appellant himself refused to admit that he had done anything wrong.
Accordingly, we would modify, vacating the findings on the first, third and fifth counts of the petition, and otherwise affirm.

. Although the majority says appellant has not gotten into trouble since the incident, the record only provides information up to January 17, 2012, the date of the Family Court disposition.